**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0757-16T1

BRIAN SHORT,

    Plaintiff-Appellant,

v.

CITY OF TRENTON,

    Defendant-Respondent.

_____

Submitted May 15, 2018 — Decided June 20, 2018

Before Judges Yannotti and DeAlmeida.

On appeal from Superior Court of New Jersey,
Law Division, Mercer County, Docket No. L-
2568-14.

Martin J. Hillman, attorney for appellant.

Walter D. Denson, Law Director, City of
Trenton Legal Department, attorneys for
respondent (John Morelli, Assistant City
Attorney, on the brief).

PER CURIAM

    Plaintiff Brian Short appeals from an order entered by the

Law Division on June 27, 2016, which granted summary judgment in

favor of defendant, City of Trenton (the City), and an order entered by the court on September 15, 2016, denying his motion for reconsideration. We affirm.

I.

On November 5, 2014, plaintiff filed a complaint in the trial court alleging that on November 25, 2013, at around 4:00 p.m., he was on East State Street in the City. He alleged he was injured because the City's property was "negligently owned, controlled, supervised, operated, managed, inspected, repaired and maintained." Plaintiff claimed he sustained severe external and internal injuries, suffered great pain, could not attend to his business, and incurred medical expenses. He sought damages and the costs of suit. The City filed an answer denying liability.

After discovery, the City filed a motion for summary judgment, pursuant to the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, arguing that plaintiff failed to present sufficient evidence to establish a cause of action against the City based on an alleged dangerous condition of public property. The City also argued that plaintiff's injuries did not meet the threshold under the TCA for the award of pain and suffering damages.

Plaintiff opposed the motion and filed a certification. Plaintiff stated that on November 25, 2013, he was walking to board a bus on East State Street and noticed the bus he wanted to

board had stopped in the middle of the block due to heavy traffic. According to plaintiff, the driver of the bus was letting passengers on, so he crossed the street to board the bus. Plaintiff stated that water was coming up into the street from under the ground and ice had formed on the street. Plaintiff slipped and fell on the ice. He stated that marks had been spray-painted on the roadway, which indicated that "repairs or some type[] of work [was] going to be done on that area."

In his deposition, plaintiff testified that at the relevant time, there was traffic on East State Street and buses were backed up. He crossed the street, "slipped on black ice," twisted his ankle, and "broke it on the sidewalk." Plaintiff acknowledged he did not cross the street in the crosswalk. Plaintiff said water "was coming up from the area where the black ice was." There was no sewer hole at that location, and he guessed "a water pipe had burst."

Plaintiff also stated that someone had "marked the road where they're supposed to dig and fix the problem, I guess." He admitted, however, that he did not know what those marks were. Plaintiff testified that he did not see anyone put the marks on the street, and he did not know how long the marks had been there.

Plaintiff further testified that he did not know if the City had been notified of water bubbling up in the street. He admitted

3

he did not give notice to the City of that condition. Plaintiff said he had never before seen water bubbling up in the area where he fell. Plaintiff said he took a photo of the scene before he was taken by ambulance for medical treatment. The record includes a photo which shows some ice in the street near the curb.

Plaintiff also submitted a report by Randy S. Tartacoff, M.D. Dr. Tartacoff stated that on November 25, 2013, plaintiff slipped and fell on an "icy street." Plaintiff immediately complained of severe right ankle pain and was subsequently evaluated at a medical center. It was determined that plaintiff had sustained a trimalleolar fracture of the right ankle.

On November 26, 2013, plaintiff had surgery, specifically, open reduction and internal fixation of the ankle fracture. According to Dr. Tartacoff, plaintiff followed up with an orthopedic clinic on three dates in December 2013, January 2014, and February 2014. Plaintiff also was placed in a physical therapy rehabilitative program, but could not attend the program because he lacked medical insurance.

Dr. Tartacoff opined that plaintiff had suffered a "consequential limitation of use of his right ankle joint," and the injury was permanent. Based on plaintiff's subjective complaints and the doctor's objective findings, Dr. Tartacoff concluded plaintiff has a permanent limitation of motion and

A-0757-16T1

function to the right ankle joint, and he will never return to his "pre-morbid state." The doctor wrote that he expected plaintiff "will have a much lower threshold for repeated injury and a more rapid progression of traumatic degenerative disease."

On June 27, 2016, the motion judge placed an oral decision on the record. The judge found that there was no genuine issue of material fact, and the City was entitled to judgment as a matter of law.

The judge rejected the City's contention that plaintiff had not been using the property with due care because he crossed in the middle of the street, rather than at the crosswalk. The judge therefore found that plaintiff had presented sufficient evidence to show that the condition in the City's street was a "dangerous condition" under the TCA. Nevertheless, the judge determined that plaintiff failed to show the City had either actual or constructive notice of the dangerous condition.

The judge also found that plaintiff had not presented sufficient evidence to show that the City's action with regard to the alleged dangerous condition was palpably unreasonable. In addition, plaintiff failed to show that he met the threshold for the award of pain and suffering damages under the TCA. The judge memorialized her decision in an order filed June 27, 2016.

A-0757-16T1

Plaintiff filed a motion for reconsideration. He argued that the question of whether the City's actions regarding the alleged dangerous condition were palpably unreasonable is an issue that should be decided by a jury. Plaintiff further argued that he presented sufficient evidence to satisfy the threshold for pain and suffering damages under the TCA.

On September 15, 2016, the judge placed an oral decision on the record, concluding that there was no basis for reconsideration of the June 27, 2016 order granting the City's motion for summary judgment. The judge entered an order dated September 15, 2016, denying the motion for reconsideration. This appeal followed.

II.

On appeal, plaintiff argues that the trial court erred by granting summary judgment to the City. He contends that he presented sufficient evidence to raise a genuine issue of material fact as to whether the City had notice of the alleged dangerous condition in the street where he fell, and whether the City's failure to address that condition before his fall was palpably unreasonable.

Summary judgment must be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. R. 4:46-2(c). "An issue of fact is genuine only if, considering the burden of persuasion at trial, the

evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid.

The non-moving party may not defeat a motion for summary judgment "merely by pointing to any fact in dispute." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995) (emphasis in original). "If there exists a single, unavoidable resolution of the alleged disputed issue of fact, that issue should be considered insufficient to constitute a 'genuine' issue of material fact for purposes of Rule 4:46-2." Id. at 540 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

"On appeal, we accord no special deference to a trial judge's assessment of the documentary record, and instead review the summary judgment ruling de novo as a question of law." Davidovich v. Israel Ice Skating Fed'n, 446 N.J. Super. 127, 159 (App. Div. 2016) (citations omitted). In determining whether the trial court erred by granting summary judgment, we apply the same standard that the trial court must apply in ruling on the motion. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pitt., 224 N.J. 189, 199 (2016)).

A-0757-16T1

To establish liability against a public entity under the TCA for an injury allegedly caused by a dangerous condition of public property, the plaintiff must show:

> that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that either:
>
> a. a negligent or wrongful act or omission of an employee of the public entity within the scope of his employment created the dangerous condition; or
>
> b. a public entity had actual or constructive notice of the dangerous condition under [N.J.S.A.] 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> Nothing in this section shall be construed to impose liability upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable.
>
> [N.J.S.A. 59:4-2.]

These elements are "accretive," which means that "if one or more of the elements is not satisfied, a plaintiff's claim against a public entity alleging that such entity is liable due to the condition of public property must fail." Polzo v. Cty. of Essex, 196 N.J. 569, 585 (2008).

A-0757-16T1

Plaintiff argues he presented sufficient evidence to show the icy condition of the street constituted a dangerous condition under N.J.S.A. 59:4-2 and the City had actual notice of that condition. Plaintiff maintains the photo of the street where he fell shows markings painted in the roadway at the spot where "the problem was occurring." In his certification, plaintiff asserts that sometime after the accident, he noticed the City's employees digging up the street in the spot where the water and ice allegedly caused him to fall.

The City argues that plaintiff has not shown that the icy condition where plaintiff fell was a dangerous condition under the TCA. The term "dangerous condition" is defined in N.J.S.A. 59:4-1(a) as "a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." The City contends plaintiff was not using the property with due care because he failed to cross the street at the crosswalk. The City notes that plaintiff crossed in the middle of the street in an effort to board a bus.

We need not address this issue because plaintiff failed to present sufficient evidence to show the City had actual or constructive notice of the alleged dangerous condition. Here, plaintiff relies upon the markings in the street as evidence that

A-0757-16T1

the City had actual notice of the condition. He did not, however, identify the person or entity who painted the marks in the street, or the reason for the marks. Plaintiff asserts that sometime after the accident, he observed City workers digging in the spot where he fell, but there is no evidence that the marks or the excavation had anything to do with the water flowing in the street or the resulting icy condition.

Moreover, plaintiff failed to show that the City had constructive notice of the alleged dangerous condition. The mere "[e]xistence of an alleged dangerous condition is not constructive notice of [that condition]." Polzo, 196 N.J. at 581 (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)).

To establish constructive notice of an alleged dangerous condition, the plaintiff must show that "the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." Polzo v. Cty. of Essex, 209 N.J. 51, 67 (2012) (quoting N.J.S.A. 59:4-3).

Here, there is no evidence that the alleged dangerous condition existed before plaintiff fell. Indeed, at his deposition, plaintiff testified that before the accident, he had never seen water bubbling up in the street at the location. Thus, plaintiff failed to show that the alleged dangerous condition

10

existed for such a period of time and was of such obvious nature that the City, through the exercise of due care, should have discovered its dangerous character. N.J.S.A. 59:4-3(b).

In addition, plaintiff failed to present sufficient evidence to raise a genuine issue of material fact as to whether the City's failure to take action regarding the alleged dangerous condition was palpably unreasonable. "Palpably unreasonable" means "behavior that is patently unacceptable under any given circumstance." Muhammad v. N.J. Transit, 176 N.J. 185, 195 (2003) (quoting Kolitch v. Lindedahl, 100 N.J. 485, 493 (1985)). When a public entity acts in a palpably unreasonable manner, it should be "obvious that no prudent person would approve of its course of action or inaction." Id. at 196 (quoting Kolitch, 100 N.J. at 493).

In this case, plaintiff presented no evidence showing that the City had received complaints regarding the alleged dangerous condition in the street. There also was no evidence of how long the condition existed before plaintiff fell. Thus, plaintiff failed to present sufficient evidence to raise a genuine issue of material fact as to whether the City's failure to address the alleged dangerous condition was palpably unreasonable.

III.

Plaintiff further argues that he presented sufficient evidence to raise a genuine issue of material fact as to whether

he met the threshold for the award of pain and suffering damages under N.J.S.A. 59:9-2(d). The statute provides that in an action under the TCA against a public entity or public employee, a plaintiff may not be awarded damages for pain and suffering resulting from any injury unless the plaintiff presents evidence of a "permanent loss of a bodily function, permanent disfigurement or dismemberment where the medical treatment expenses are in excess of $3,600.00." Ibid.

The City concedes that in this matter, plaintiff's medical expenses exceeded $3600. The City argues, however, that plaintiff failed to present sufficient evidence to show he suffered a permanent dismemberment or permanent loss of a bodily function. The City notes that in his deposition testimony, plaintiff indicated that he still engages in his normal activities and only has minor inconvenience.

Plaintiff argues that he sustained a permanent loss of a bodily function. He fractured his right ankle, which required open reduction and internal fixation of the ankle. He states that the hardware remains in his ankle and causes him significant pain. Plaintiff claims he cannot stand or walk for prolonged periods of time. He also claims he has pain when he walks and tries to sleep at night. He alleges that due to his injury, his daily activities are limited.

12                                                    A-0757-16T1

In view of our determination that summary judgment was properly granted to the City because plaintiff failed to present sufficient evidence to support a claim under N.J.S.A. 59:4-2 for the alleged dangerous condition of public property, we need not address the question of whether plaintiff satisfied the threshold for pain and suffering damages under N.J.S.A. 59:9-2(d).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0757-16T1